Gastor, Judge,
 

 after stating the case as above, proceeded : By our acts of 1794, and 18Í33,
 
 (Rev. chs.
 
 414, & 627,) the justice has authority to adjourn or postpone the tidal on good cause shewn, so that such postponement shall not exceed thirty days. Although the acts do not expressly require that such postponement shall be made in writing, it is certainly proper that it should be so, and probably a neglect to endorse such continuance on the warrant, would render a judgment after the res turn day of the warrant erroneous. If so, the appropriate remedy for reversing the judgment would be by a writ of false judgment, and it is not certain that this could be done on an appeal. However this may be, we hold that after pleas are entered in the County Court, all objections to irregularities before the justice come too late. The matter then to be tried, is such as arises from
 
 *50
 
 the warrant and tlie pleadings, and tbe regularity or irregularities of the judgment vacated by the appeal, ,g wj10]jy imraatei'ial to the controversy. But iivthis case, the verdict in the County Court cured all discontinuances and miscontinuances antecedent to such verdict. The nonsuit ought to be set aside and a new trial awarded.
 

 Per Curiam — Judgment reversed.